## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUMARA ALI | Civil Action No. 3:26-CV-00330 |
| Plaintiff, | |
| v. | |
| MICROSOFT CORPORATION, | March 5, 2026 |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Microsoft Corporation ("Microsoft"), by and through undersigned counsel, hereby gives notice of removal of this action, pursuant 28 U.S.C. §§ 1331, 1441, and 1446 from the State of Connecticut Superior Court of the Judicial District of Hartford, to the United States District Cour for the District of Connecticut. The Complaint filed by Plaintiff Sumara Ali is attached with the docket sheet as **Exhibit 1**. Microsoft is entitled to remove this action based on federal question jurisdiction.

## PRELIMINARY STATEMENT

1.      This action arises from Plaintiff Sumara Ali's ("Plaintiff" or "Ms. Ali") claims of employment discrimination and retaliation following the termination of her employment with Microsoft on February 5, 2025. Ms. Ali, a former Software Engineer in Microsoft's Experiences & Devices business organization, alleges that her termination was discriminatory and retaliatory based her disability and exercise of rights pursuant to (i) federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.; (ii) Connecticut's Fair Employment Practices Law,  C.G.S. § 46a-60(b)(1), and; (iii) Connecticut's Family and Medical Leave Act, C.G.S. § 31-51PP. *See* Ex. 1 at ¶¶ 21-40.

2.    The underlying dispute concerns Ms. Ali's employment with Microsoft from February 2021 through February 2025, during which time she worked as a Software Engineer. Ex. 1 at ¶ 4. Ms. Ali alleges that in April 2024, she disclosed to her supervisor that she was being evaluated for bipolar disorder, and in May 2024, she requested and was approved for FMLA leave. Ex. 1 at ¶ 8-9. Ms. Ali took FMLA leave from May 21, 2024 through July 23, 2024. Ms. Ali's employment was terminated on February 5, 2025. Ex. 1 at ¶ 13.

3.    Ms. Ali initially filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or around April 24, 2025, asserting claims under the Americans with Disabilities Act and Connecticut State law. Ex. 1 at ¶ 3.

4.    Ms. Ali's counsel requested release of jurisdiction from the CHRO. On January 15, 2026, jurisdiction was released. *Id*.

5.    Plaintiff filed her Complaint in Connecticut Superior Court on February 3, 2026 and served it on Defendant on February 5, 2026, with a return date of March 3, 2026.

6.    Because Plaintiff's Complaint asserts a claim (Count II) arising under the FMLA, a federal statute, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Accordingly, this action is properly removable to this Court under 28 U.S.C. § 1441(a). Ex. 1 at ¶¶ 21-40.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

5.    Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within thirty (30) days after receipt of the initial pleading. Plaintiff's Complaint was filed in Connecticut Superior Court on February 3, 2026 and served on Defendant on February 5, 2026. Ex. 1. This Notice of Removal is therefore timely filed as within thirty (30) days of Defendant's receipt of the Complaint and summons, in full compliance with 28 U.S.C. § 1446(b)(1).

6.      Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed to the district court of the United States for the district and division embracing the place where such action is pending. The underlying state court action was filed in the Connecticut Superior Court. Accordingly, removal to the United States District Court for the District of Connecticut is proper. *See* 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders served upon Defendant in the state court action.

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Connecticut Superior Court, and written notice will be served upon all adverse parties.

## <u>REMOVAL IS PROPER</u>

### A.      This Court Has Original Jurisdiction Under 28 U.S.C. § 1331

9.      Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. An action "arises under" federal law when a federal question is presented on the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[plaintiff] may avoid federal jurisdiction by exclusive reliance on state law"); *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-113 (1936) (same).

### B.      Plaintiff's FMLA Claim Confers Federal Question Jurisdiction

10.      Plaintiff's Complaint asserts a claim for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. Exhibit 1, at ¶¶ 27-34.

11.      Plaintiff's Complaint alleges that Defendant violated the FMLA by retaliating against her for exercising her right to take FMLA leave in connection with her medical condition.

*Id*. The allegations therefore directly invoke the substantive provisions of the FMLA and present questions of federal law on the face of the Complaint.

12.     Claims arising under the FMLA are within the exclusive jurisdiction of the federal courts and state courts of competent jurisdiction. *See* 29 U.S.C. § 2617(a)(2). Because Plaintiff's FMLA claim arises under a law of the United States, this Court has original jurisdiction over that claim pursuant to 28 U.S.C. § 1331.

### C.     The Court May Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

13.     Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

14.     Plaintiff's Connecticut state law claims arise from the same nucleus of operative facts as her federal FMLA claim—namely, the circumstances surrounding her employment, her request for and taking of medical leave, and her subsequent termination. Likewise, all claims relate to Defendant's alleged conduct during the same period and involve the same parties, witnesses, and evidence. Accordingly, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**WHEREFORE**, Defendant Microsoft Corporation respectfully removes this action from the Connecticut Superior Court to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted

*s/ Troy Bataille*
Troy A. Bataille, Esq.
**Gerber Ciano Kelly Brady LLP**
100 Corporate Place, Suite 210
Rocky Hill, CT 06067
Tel: (860) 350-8353
Fax: (646) 350-1901
tbataille@gerberciano.com


*Attorney for Defendant*
*Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I caused a true and correct copy of the foregoing document, with its exhibits, to be served upon the following parties by First Clas Mail and Email, as indicated below:

James Moher
**CICCHIELLO & CICCHIELLO, LLP**
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: 860-296-0676
Fax: 860-296-0676
Email: jmoher@cicchielloesq.com


*s/ Troy Bataille*
Troy A. Bataille

# EXHIBIT 1



**State of Connecticut Judicial Branch**
# Superior Court Case Look-up

Superior Court Case Look-up
   Civil/Family
   Housing
   Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
   By Party Name
   By Docket Number
   By Attorney/Firm Juris Number
   By Property Address

Short Calendar Look-up
   By Court Location
   By Attorney/Firm Juris Number
   Motion to Seal or Close
   Calendar Notices

Court Events Look-up
   By Date
   By Docket Number
   By Attorney/Firm Juris Number

Legal Notices

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us



Comments

---

**HHD-CV26-6219468-S**
**Prefix: HD4**

**ALI, SUMARA v. MICROSOFT CORPORATION**

**Case Type: M90**    **File Date: 02/13/2026**    **Return Date: 03/03/2026**

| Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help | ▶ |

To receive an email when there is activity on this case, click here.

**Information Updated as of: 03/04/2026**

| Case Information | |
|---|---|
| **Case Type:** | M90 - Misc - All other |
| **Court Location:** | HARTFORD JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 03/03/2026 (The "last action date" is the date the information was entered in the system) |

| Disposition Information | |
|---|---|
| **Disposition Date:** | |
| **Disposition:** | |
| **Judge or Magistrate:** | |

### Party & Appearance Information

| Party | Party Details | No Fee Party | Category |
|---|---|---|---|
| **P-01** | **SUMARA ALI** | | Plaintiff |
| | **Attorney:** CICCHIELLO & CICCHIELLO LLP (419987)   File Date: 02/13/2026 | | |
| | 364 FRANKLIN AVENUE | | |
| | HARTFORD , CT 06114 | | |
| **D-01** | **MICROSOFT CORPORATION** | | Defendant |
| | **Attorney:** GERBER CIANO KELLY BRADY LLP (439912) File Date: 03/03/2026 | | |
| | ❗NEW 100 CORPORATE PLACE | | |
| | SUITE 210 | | |
| | ROCKY HILL , CT 06067 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🔗 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by

the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Motions / Pleadings / Documents / Case Status | | | | |
|---|---|---|---|---|
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| | 03/03/2026 | D | APPEARANCE ⚠ NEW | |
| | | | Appearance | |
| 100.30 | 02/13/2026 | P | SUMMONS | No |
| 100.31 | 02/13/2026 | P | COMPLAINT | No |
| 100.32 | 02/13/2026 | P | RETURN OF SERVICE | No |

| Scheduled Court Dates as of 03/03/2026 | | | | |
|---|---|---|---|---|
| HHD-CV26-6219468-S - **ALI, SUMARA v. MICROSOFT CORPORATION** | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| No Events Scheduled | | | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period.

In accordance with the Federal Violence Against Women Act of 2005, cases involving relief from physical abuse (restraining orders), civil protection orders, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Pursuant to section 47a-26j of the Connecticut General Statutes, certain eviction cases will be removed from this website 30 days after disposition or other final activity of the case.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2026, State of Connecticut Judicial Branch

Page Created on 3/4/2026 at 12:28:23 PM

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: **www.jud.ct.gov/ADA/** |

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*



☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **95 Washington Street, Hartford, CT 06106** | **( 860 ) 548 − 2700** | **March 3, 2026** |

| ☒ Judicial District   G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|
| ☐ Housing Session  ☐ Number: | **Hartford** | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114** | **419987** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **( 860 ) 296 − 3457** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)  ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book **jmoher@cicchielloesq.com** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Sumara Ali**<br>Address: c/o 364 Franklin Avenue, Hartford, CT 06114 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **Microsoft Corporation, One Microsoft Way, Redmond, WA 98052**<br>Address: **c/o Corporation Service Company, Goodwin Square, 225 Asylum St, 20th Floor, Hartford, CT 06103** | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☐ Commissioner of Superior Court | Name of person signing | For Court Use Only |
|---|---|---|---|---|
| **2/3/2026** | | ☐ Clerk | **James M. Moher, Esq.** | File Date |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*

   (b) *Any actions or proceedings in which an attachment, garnishment or repleviy is sought*

   (c) *Applications for change of name*

   (d) *Probate appeals*

   (e) *Administrative appeals*

   (f) *Proceedings pertaining to arbitration*

   (g) *Summary Process (Eviction) actions*

   (h) *Entry and Detainer proceedings*

   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 00 | Housing - Summary Process |
| | H 03 | Housing - Deceased Tenants - Summary Process |
| | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 20 | Housing - Housing Code Enforcement |
| | H 30 | Housing - Entry and Detainer |
| | H 40 | Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 70 | Housing - Bed Bug Infestation |
| | H 87 | Housing - Denied Fee Waiver Appeal |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 85 | Civil Protection Order |
| | M 87 | Denied Fee Waiver Appeal |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 00 | Probate Appeals |
| | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE: MARCH 3, 2026      :    SUPERIOR COURT

:

SUMARA ALI      :    J.D. OF HARTFORD

:

VS.      :    AT HARTFORD

:

MICROSOFT CORPORATION      :    JANUARY 30, 2026

## COMPLAINT

1.    The Plaintiff in this matter, Sumara Ali ("Plaintiff"), was at all times relevant to this Action a resident of Glastonbury, Connecticut.

2.    The Defendant, Microsoft Corporation ("Defendant"), is a foreign corporation formed pursuant to the laws of the State of Delaware, with a principal business address of One Microsoft Way, Redmond, WA 98052.

3.    Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit 1. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

4.    Plaintiff was hired by Defendant as a software engineer on or about February 15, 2021.

5.    Initially, Plaintiff lived and worked in Boston, Massachusetts.

6.    On or about September 1, 2024, Plaintiff relocated to Glastonbury, Connecticut, where she began working remotely.

1

7. Since approximately the summer of 2023 until Plaintiff's termination, her immediate supervisor was the Principal Engineering Manager, Linsay Stopa (hereafter "Stopa"), who was located in Buffalo, New York.

8. In or about April of 2024, Plaintiff was diagnosed with bipolar disorder (hereafter "BPD"), by Dr. Diego Martinucci, a BOD specialist.

9. At or around the time Plaintiff was diagnosed with BPD, she had relayed the same to Stopa, and also informed her of her anticipated need to take medical leave in connection with her BPD diagnosis.

10. Shortly after Plaintiff's initial disclosure to Stopa regarding her BPD diagnosis, Stopa proceeded to undertake a semi-annual performance review.

11. During the above-mentioned performance review, Stopa had, for the first time in Plaintiff's tenure with Defendant informed her that she had purportedly not met expectations of her position.

12. Upon information and belief, Stopa having characterized Plaintiff as not having met the expectations of her position was motivated by Plaintiff's disability and/or perceived disability, and Plaintiff's indication that she required and would be applying for FMLA associated with her diagnosis and concomitant need to manage her medications.

13. Plaintiff commenced FMLA on or about May 8, 2024, and remained out of work through late July of 2024.

14. Following her return to work, Plaintiff continued to perform all of the essential functions of her position at or above satisfactory levels.

15. In or about November of 2024, Plaintiff underwent a performance review, wherein she was characterized as having met all the expectations of her position, and was praised based on

2

her recent contributions toward Defendant's Copilot software, and its "Pages" functionality and Defendant's presentation of Plaintiff's work at its annual Ignite Demo, a conference where Defendant showcases its recent developments in software and technology.

16.     Despite Plaintiff meeting and/or exceeding all relevant expectations in her role, and on or about February 5, 2025, Defendant terminated Plaintiff's employment as part of a larger reduction in force, wherein, upon information, and belief, it terminated 1000-2000 employees who had, at one point or another over the preceding three-year period, received a "does not meet expectations" on their respective performance reviews.

17.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on account of her disability/perceived disability.

18.     Defendant subjected Plaintiff to adverse employment action such as suspension and termination, each motivated by Plaintiff's disability/perceived disability.

19.     Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

20.     As a result of Defendant's aforesaid conduct, Plaintiff has sustained lost wages and benefits or employment, has been deprived of the benefits of gainful employment into the future, has sustained emotional distress, and has incurred or will incur attorney's fees and costs.

**COUNT ONE:**      **DISABILITY DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

21.     All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

22.     Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

23.     Plaintiff is disabled within the meaning of the Connecticut Fair Employment Practices Act.

24.     Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of her disability.

25.     Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's disability.

26.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO:       FMLA RETALIATION – 29 U.S.C. § 2612 ET SEQ.**

27.     All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

28.     Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

29.     Plaintiff was an eligible employee within the meaning of the FMLA.

30.     Defendant was aware that Plaintiff's medical condition(s) constituted a "serious medical condition" within the meaning of the FMLA.

31.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

32.     Plaintiff engaged in protected activity by exercising or attempting to exercise rights to job-protected medical leave under the FMLA.

33.     Defendant retaliated against Plaintiff and subjected Plaintiff to adverse action on account of such protected activity.

4

34.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT THREE:**          **FAMILY AND MEDICAL LEAVE RETALIATION IN VIOLATION OF C.G.S § 31-51PP**

35.     Plaintiff was an "eligible employee" within the meaning of C.G.S. § 31-51kk, insofar as Plaintiff was an employee who had been employed by Defendant for at least three months immediately preceding the aforesaid request for leave.

36.     Defendant is an "employer" within the meaning of C.G.S. § 31-51kk.

37.     Plaintiff's medical condition, as set out herein above, constituted a "serious health condition" within the meaning of C.G.S § 31-51kk.

38.     Pursuant to C.G.S. § 31-51ll, as an eligible employee, Plaintiff was "entitled to a total of twelve workweeks of leave" pursuant to C.G.S. § 31-51ll.

39.     Plaintiff engaged in protected activity by exercising rights to medical leave pursuant to C.G.S. §§ 31-51kk through 31-51qq, inclusive.

40.     Defendant terminated Plaintiff motivated by her having engaged in the foregoing protected activity, in violation of C.G.S. § 31-51pp, which provides, in pertinent part, that "It shall be a violation…for any employer to discharge or cause to be discharged, or in any other manner discriminate, against any individual… because such employee has exercised the rights afforded to such employee [pursuant to C.G.S. § 31-51kk *et seq.*]."

PLAINTIFF,
SUMARA ALI


BY: _____
James Moher
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris No. 419987
Email: jmoher@cicchielloesq.com

RETURN DATE: MARCH 3, 2026     :     SUPERIOR COURT

                                                :

                                                :

SUMARA ALI                         :     J.D. OF HARTFORD

                                                :

VS.                                     :     AT HARTFORD

                                                :

MICROSOFT CORPORATION       :     JANUARY 30, 2026

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages;

4. Liquidated damages;

5. Attorneys' fees and costs of this Action; and

6. All other awardable relief.

                                  PLAINTIFF,
                                  SUMARA ALI

                                  BY:  _____
                                  James Moher
                                  CICCHIELLO & CICCHIELLO, LLP
                                  364 Franklin Avenue
                                  Hartford, Connecticut 06114
                                  Tel: 860-296-3457
                                  Fax: 860-296-0676
                                  Juris No. 419987
                                  Email: jmoher@cicchielloesq.com

RETURN DATE: MARCH 3, 2026      :      SUPERIOR COURT

          :

SUMARA ALA            :      J.D. OF HARTFORD

          :

VS.                   :      AT HARTFORD

          :

MICROSOFT CORPORATION     :      JANUARY 30, 2026


## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.


                PLAINTIFF,
                SUMARA ALI


BY: _____

        James Moher
        Cicchiello & Cicchiello, LLP
        364 Franklin Avenue
        Hartford, CT 06114
        Phone: 860-296-3457
        Fax: 860-296-0676
        Email: jmoher@cicchielloesq.com

8

# EXHIBIT 1

**STATE OF CONNECTICUT**

**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

<u>Sumara Ali</u>
**COMPLAINANT**

                                          CHRO No. 2540333

vs.                                    EEOC No. 16A202501053

<u>Microsoft Corporation</u>
**RESPONDENT**

## <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

                                          *Tanya A Hughes*

**DATE: <u>January 15, 2026</u>**           Tanya A. Hughes, Executive Director

cc:
      Complainant's Attorney: Matthew Paradisi, Esq.
                              mparadisi@cicchielloesq.com

                              Michael Reilly, Esq.
                              mreilly@cicchielloesq.com

      Respondent's Atty.:    Christopher Wasil, Esq.
                              Christopher.wasil@morganlewis.com

                              Megan Carpenter, Esq.
                              Megan.carpenter@morganlewis.com

      Case File

STATE OF CONNECTICUT:
                    : ss: HARTFORD       FEBRUARY 5, 2026
COUNTY OF HARTFORD  :


      Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with and in the hands of SHELLEY KURPASKA, FULFILLMENT SPECIALIST OF CORPORATION SERVICE COMPANY, 225 ASYLUM STREET, 20TH FLOOR, AGENT FOR SERVICE for the within named defendant **MICROSOFT CORPORATION,** in the said town of HARTFORD, County of Hartford.

      And also, on the 5TH day of FEBRUARY, 2026, I deposited in the Post Office at WETHERSFIELD, first class mail, a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, on behalf of the within named defendants **MICROSOFT CORPORATION,** addressed to:

           COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
           450 COLUMBUS BLVD
           SUITE 2
           HARTFORD, CT 06103


      The within is the original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with my doings thereon endorsed.

|  |  |
|---|---|
| | ATTEST: |
| Verified pages $24.00 | |
| Endorsements 4.50 | ---------------------------------- |
| Service 50.00 | WILLIAM DREW, JR. |
| Travel 7.30 | CT STATE MARSHAL |
| ----------- | HARTFORD COUNTY |
| Total $85.80 | |

**APPEARANCE**
JD-CL-12  Rev. 1-26
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3;
WCAG 2.1 AA

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*

| | |
|---|---|
| Return date *(For Civil/Family cases)* | **Mar-03-2026** |
| Docket Number | **HHD-CV-26-6219468-S** |

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**ALI, SUMARA  v. MICROSOFT CORPORATION**

| ☐ Housing Session | ☒ Judicial District | ☐ Geographic Area | Address of court *(Number, street, town and zip code)*  **95 WASHINGTON STREET HARTFORD, CT 06106** | Scheduled court date *(Criminal/Motor Vehicle cases only)* |
|---|---|---|---|---|

## Enter the Appearance of

| Name *(Your name or name of official, firm, professional corporation, or individual attorney)*  **GERBER CIANO KELLY BRADY LLP** | Juris number *(For attorney/law firm)*  **439912** |
|---|---|

| Mailing address  **100 CORPORATE PLACE SUITE 210** | Post Office box number | Telephone number *(Area code first)*  **860-471-8353** |
|---|---|---|

| City/town  **ROCKY HILL** | State  **CT** | Zip code  **06067** | Fax number  **860-516-9191** | E-mail address  **tbataille@gerberciano.com** |
|---|---|---|---|---|

in the case named above for: *(Select one of the following parties)*

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| ☐ The Plaintiff. | ☒ The Defendant. |
| ☐ All Plaintiffs. | ☐ All Defendants. |
| ☐ The following Plaintiff(s) only: | ☐ The following Defendant(s) only: |

☐ **Other** *(Specify):*

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
  ☐ matters in the Family Division of the Superior Court   ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as  ☐ a Public Defender OR  ☐ Assigned Counsel
☐ This appearance is for the purpose of a bail hearing only.   *(Special Public Defender)*
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of:
   *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree that documents can be delivered (served) to me electronically in this case.**  ☒ Yes   ☐ No

*Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)*

| Signed *(Individual attorney or self-represented party)*  **427869** | Name of person signing at left *(Print or type)*  **TROY A BATAILLE** | Date signed  **Mar 03 2026** |
|---|---|---|

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically *or non-electronically on (date)* ___**Mar 03 2026**___ to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel exempt from e-filing and self-represented parties of record who received or will immediately be receiving electronic delivery.

*FOR COURT USE ONLY*

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**CICCHIELLO & CICCHIELLO LLP - 364 FRANKLIN AVENUE/HARTFORD, CT 06114**

*\*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.*

| Signed *(Signature of filer)*  ▶ *427869* | Print or type name of person signing  **TROY A BATAILLE** | Date signed  **Mar 03 2026** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* | | Telephone number |

[ Print ]   [ Reset ]